563 So.2d 529 (1990)
In re Soonok Chang, Wife of Chan Yong KIM
v.
Chan Yong KIM and Sang Man Kim.
No. 89-CA-767.
Court of Appeal of Louisiana, Fifth Circuit.
June 6, 1990.
A. Bruce Netterville, Gretna, for defendant-appellant.
Robert A. Pitre, Jr., Gretna, for plaintiffappellee.
Before KLIEBERT, GAUDIN and DUFRESNE, JJ.
GAUDIN, Judge.
This appeal, by a defendant-father of Korean birth who speaks limited English, challenges the validity of the domestic hearing officer procedure in the 24th Judicial District Court. Specifically, appellant contends that he had the constitutional right to have his case heard by an elected district court judge and that the waiver form he signed, in alleged ignorance of its contents, was without legislative authority. Finding no serious merit in these contentions, we affirm the judgment ordering Chan Yong Kim to pay alimony and child support.
The alimony and child support rule was heard on August 22, 1989. Present were Mr. Kim and his wife, Soonok Chang Kim, and also Mr. Kim's father (and the grandfather of the couple's three minor children), Sang Man Kim. The elder Mr. Kim was also a named child support defendant because of alleged unusual circumstances surrounding the Kims' living conditions. Sang Man Kim, ordered to pay child support along with Chan Yong Kim, has not filed an appeal.
Before the support rule was heard, all parties, assisted by interpreters, agreed that the hearing officer would preside rather than a district judge. Chan Yong Kim and Soonok Chang Kim signed the waiver form; Sang Man Kim did not personally sign because there was no signature line for him although his counsel did sign the form.
In any event, the hearing officer heard the rule and recommended a judgment. Chan Yong Kim does not argue that the alimony and child support awards were excessive. His only contention is that the procedure was illegal and that he didn't fully understand the contents of the waiver form.
*530 If a litigant cannot fully understand or read and write the English language, he is entitled to an interpreter. If such a person has an interpreter and also an attorney explaining the procedure, that person cannot later complain only because he or she did not comprehend the proceedings. A further showing is required before appellate relief can be given.
The hearing officer procedure is set up by court rules and is authorized by LSR.S. 46:236.5, particularly Sec. B.
We affirm the district court judgment complained of, with Chan Yong Kim to pay costs of this appeal.
AFFIRMED